**Gregory DZIERBA and Tammy Cuma, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 3:01–CV–847.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 8, 2002.

Martin W. Kus, LaPorte, IN, for Plaintiffs.

Clifford D. Johnson, South Bend, IN, Deborah M. Leonard, Fort Wayne, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On November 29, 2001, Plaintiffs filed their complaint against the United States for the wrongful death of their minor child, Kyle Anthony Cuma. The Plaintiffs filed their claim under the Federal Tort Claims Act against the United States alleging that because of the negligence of its Army Corps of Engineers ("the Corps"), it is at fault for the wrongful death of their son. This matter is before the Court on Defendant's ("United States"), motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Defendant contends that the Court lacks subject matter jurisdiction over the allegations in the Plaintiffs' complaint because there is no applicable waiver of the United States' sovereign immunity. The United States argues that all of the Plaintiffs' allegations of breach involve purely discretionary decisions and thus fall within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). This Court held a hearing and heard oral arguments on the motion to dismiss on November 1, 2002, in South Bend, Indiana. Plaintiffs have had an adequate opportunity to respond to Defendant's motion to dismiss, having filed a response to the Defendant's motion on September 23, 2002.

## I. BACKGROUND

On September 4, 2002, at approximately 5:30 p.m., 12–year old Kyle Anthony Cuma, rode his bicycle onto the East Pier. The East Pier is a navigational structure which extends onto Lake Michigan from the shoreline of Lake Michigan near Michigan City, Indiana. Located at the end of the pier is a light house which is also solely a navigational structure. The East Pier is owned and maintained by the Corps and the light house is owned and maintained by the United States Coast Guard. Attached perpendicular to the East Pier and running parallel to the shoreline is a 1,000 feet breakwater structure known as the East Breakwater. The East Breakwater is also owned and maintained by the Corps.

Under the guidance stated in the Engineering Pamphlet, the Corps was required to analyze and select one, or a combination of, three alternatives for the provision of "minimum facilities for public health and safety" at the East Pier and East Breakwater. The three alternatives were (1) no action; (2) post warning signs; (3) deny access. In the late 1980's, the Corps reviewed the public health and safety conditions of the East Pier and East Breakwater. Following this review, the Corps chose to implement alternative number two, post warning· signs. The decision to implement this was based on several factors including visitation to the East Pier and East Breakwater, public use assessment, type of use by public, attractiveness of the area, and a review of the previously prepared Job Hazard Analysis. The decision to select warning signs was in effect on September 4, 2000.

As stated, on September 4, 2000, at approximately 5:30 p.m., Kyle Anthony Cuma, rode his bicycle onto the East Pier. At that time, stormy conditions existed with high winds and waves. While Kyle was standing on the East Pier near the light house, a wave washed over the pier and knocked him into Lake Michigan where he eventually drowned. Thereafter, the parents of Kyle, the Plaintiffs, filed a complaint alleging that the death of their son, Kyle Anthony Cuma, was caused by the negligence of the United States in failing to provide warning signs about the dangers of high winds and waves on the East Pier and failing to provide various safety devices. The United States, the Defendant, argues that this Court lacks subject matter jurisdiction over the allegations made by the Plaintiffs because they involve purely discretionary decisions which fall within the discretionary function exception to the Federal Tort Claims Act, and such allegations should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

## II. DISCUSSION

### A. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a case will be dismissed if the court lacks the statutory authority to hear and decide the dispute. Under 28 U.S.C. § 1331 a case arises under federal law only if, from face of the plaintiff's complaint, it is apparent that plaintiff's cause of action was created by federal law. *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994), cert. denied 512 U.S. 1222, 114 S.Ct. 2711, 129 L.Ed.2d 838 (1994). For purposes of determining original jurisdiction of a federal court, a case "arises under" federal law when an essential element of the plaintiff's cause of action depends for its resolution upon validity, construction or effect of federal law. *Roberts Distributor, Inc. v. Federal Exp. Corp.*, 917 F.Supp. 630 (S.D.Ind.1996).

### B. The Discretionary Function Exception to the Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") is a limited waiver of the United States' sovereign immunity. The FTCA allows the United States to be sued for money damages for causes of action sounding in tort, arising out of the conduct of federal agencies or employees acting within the scope of their employment, but only "if a private person would be liable to the claimant in accordance with the law of the place where the act or admission occurred." 28 U.S.C. § 1346(b). There are however, exceptions to the FTCA's waiver of the United States' sovereign immunity.

One such exception, the discretionary function exception, is the focus of the motion before this Court. The discretionary function exception provides that the FTCA does not apply to:

Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The issue is whether the discretionary function exception applies to this set of facts. If so, the Plaintiffs are without jurisdiction to prosecute their suit. There are two factors in determining whether the discretionary function exception applies. It must first be determined whether the acts relied upon as a basis for the claim allowed federal employees to exercise judgment or choice. *United Sates v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). If the conduct does involve an element of judgment it must then be determined whether that conduct was "of the kind that the discretionary function .exception was designed to shield." *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531. In *Gaubert*, the Supreme Court held that an application of the exception depends on the nature of the actions taken and on whether they are susceptible to policy analysis and not whether federal employees actually took policy consideration into account. *Gaubert*, 499 U.S. at 325, 111 S.Ct. 1267. In discussing this proposition the Supreme Court stated as follows:

> Under precedent, if a regulation mandates particular conduct, and the employee obeys the direction, the Government will be protected because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation. If the employee violates the mandatory regulation, there will be no shelter from li-

ability because there is no room for choice and the action will be contrary to policy. On the other hand, if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations.

*Id.* at 324, 111 S.Ct. 1267. The focus now turns to whether the discretionary function exception to the FTCA applies to the facts set out in this case.

■ The first prong in determining whether the discretionary function exception to the FTCA applies is whether the conduct relied upon as the basis for the claim involved an element of judgment or choice. *See, Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335. The Corps made the decision to follow the second option, to post warning signs, of three choices under its policy for protection of breakwaters. In making the selection to post warning signs, the United States is entitled to the discretionary function exception under the FTCA. Judgment or choice was necessary and was exercised. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954.

The basis for the claim made by Plaintiffs against the United States is that the death of their son, Kyle, was caused by the negligence of the United States in failing to provide warning signs about the dangers of high winds and waves on the East Pier and failing to provide various safety devices. These warning signs are what the Corps, through their judgment, decided to post. For the East Pier and East Breakwater, the Corps chose only to post warning signs, and not to provide other "minimum facilities." Therefore, the United States, through their conduct of choosing the type of minimum facilities to be used, posting warning signs, satisfied the

first prong of the discretionary function exception to the FTCA.

The second prong that must be satisfied in order for the exception to apply to the United States' conduct in this case is proof that the judgment made by the United States was of the kind that the discretionary function exception was designed to shield. *See, Gaubert,* 499 U.S. at 322–23, 111 S.Ct. 1267 *citing, Berkovitz,* 486 U.S. at 536, 108 S.Ct. 1954. The Plaintiffs argue that this second prong of the *Gaubert* analysis was not met by the United States. Plaintiffs argue that a decision to follow the policies of a pamphlet and manual is not the type of government action based upon considerations of public policy.

However, the United States argues that contrary to Plaintiffs' argument, the selection of warning signs to be used also involved judgment or choice because the Corps' guidance called for a determination to be made after an analysis of existing hazards. They argue that such discretion and decision-making are clearly grounded in the myriad of public policy factors outlined in the regulations for the purposes of balancing the needs of navigation while acquiescing in the public's use of the structure without encouraging it.

The Defendants cite a number of cases which examine the Corps' decisions, in regard to warnings around navigational structures, that have concluded that such warnings are discretionary in nature, involving both judgment and consideration of public policy. *See, Graves v. United States,* 872 F.2d 133 (6th Cir.1989); *Kiehn v. United States,* 984 F.2d 1100 (10th Cir. 1993); *Buffington v. United States,* 820 F.Supp. 333 (W.D.Mich.1992). In *Buffington,* based on facts very similar to those of the case at bar, the court found that the Corps' choice of warning signs on a breakwater involved discretionary functions. As a result, the *Buffington* Court found that the Corps was exercising discretion in choosing its warning signs and safety equipment, and thus section 2680(a) barred suit under the FTCA. *Id.* at 333.

As was stated in *Buffington,* "[t]he type of sign, its size, its wording, and its location are obviously subject to discretionary decisions and without a doubt susceptible to public policy considerations. Second-guessing the Corps on the appropriateness of the sign is not actionable." Although the *Buffington* decision is not binding on this Court, it, along with the other cited case law, specifically *Gaubert* and *Berkovitz,* are guidelines for determining whether the facts of this case fall into the discretionary function exception of the FTCA.

The Corps, through broad discretion in the running of its navigational civil works, chose to post warning signs for the East Pier and East Breakwater. The Corps' choice involved public policy factors and therefore this conduct falls within the discretionary function exception to the FTCA.

## III. CONCLUSION

Therefore, the Defendant's (United States) motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is now **GRANTED.** Each party to bear its own costs.

**IT IS SO ORDERED.**